LOTTINGER, Judge.
This is a suit by petitioner, Auto Brokers-of Lafayette, Inc. against Capital Auto-Auction, Inc. under an alleged guarantee. The Lower Court rendered a summary judgment in favor of defendant and dismissed the petitioner’s suit. The petitioner has taken this appeal.
The facts disclose that Capital Auto-Auction, Inc. is engaged in the business, of acting as auctioneer at the auction sale of automobiles. On July 26, 1963 petitioner placed with defendant a certain automobile to be auctioned, which said automobile was sold at auction by defendant to Tom’s Auto Sales of New Iberia, La.,, for the sum of One Thousand Three Hundred Twenty-one and No/100 ($1,321.00)' Dollars. Upon the said sale, the purchaser of the automobile issued his site-draft to petitioner in payment of said purchase price, which said draft was stamped" as follows:
“This instrument guaranteed by Capital Auto Auction, Inc. under the terms of its policy through Auction Insurance Agency, Birmingham, Alabama.”
The defendant filed a motion for a summary judgment, which motion was granted" by the Lower Court and the suit was,. *279 therefore, dismissed. The petitioner has taken this appeal.
After this dispute arose, Auto Brokers of Lafayette, Inc. sold the automobile to a third party and, after applying the purchase price against the amount of the original draft, there remained a deficiency of Five Hundred Twenty-four and 47/100 ($524.47) Dollars for which Auto Brokers of Lafayette, Inc. has filed this present suit against Capital Auto Auction, Inc. on the alleged guarantee.
Attached to the motion for summary judgment filed by the defendant is a policy issued by the Georgia Casualty and Surety company covering automobile dealer’s title and fraudulent instrument. The pertinent part of this policy provides as follows:
“We the Company hereby agree to indemnify the insured against pecuniary loss sustained owing to acceptance or encashment of forged, fraudulent or altered checks, drafts or instruments from purchasers of Motor Vehicles made payable to the Assured, or checks, drafts, or instruments given by the purchasing or selling dealer authorized to transact business by the Assured, issued, endorsed or guaranteed by the Assured. No loss shall be payable on any forged, fraudulent, or altered checks, drafts or instruments where any person or firm other than the purchaser or duly authorized representative of the purchaser, has signed the check, draft or instrument. Coverage is also extended to checks, drafts ■or instruments given on insufficient funds where there is no intent to defraud.” '
Payment was stopped on the draft given to represent the purchase price of the vehicle for the reason that the automobile was involved in an accident while being delivered to the purchaser, Tom’s Auto Sales of New Iberia, Louisiana. Dispute arose between Auto Brokers of Lafayette, Inc. and Tom’s Auto Sales under the question of who owned the automobile at the time the accident occurred, and consequently, who would have to suffer the loss resulting from the accident, therefore, Tom’s Auto Sales refused to accept delivery of the automobile and refused to honor the draft that had been given to Auto Brokers of Lafayette, Inc.
Article 966 of the LSA-Code of Civil Proceedings provides for the granting of summary judgment when “ * * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
We are not favored with written reasons for the decision made by the Lower Court, however, it certainly appears to us that there are certain questions presented before the Court which require a trial on the merits. The wording of the policy indicates that there is a very serious question as to whether or not the draft was guaranteed by the defendant company.
For the reasons assigned, the judgment of the Lower Court will be reversed, and there is judgment herein dismissing defendant’s motion for a summary judgment, and remanding the matter to the Lower Court for trial on the merits.
Reversed and remanded.