LOTTINGER, Judge.
. This is a suit by petitioner, Auto Brokers of Lafayette, Inc., against Capital Auto Auction, Inc. under an alleged agreement. The Lower Court rendered judgment in favor of defendant, dismissing petitioner’s demand, and petitioner had appealed.
The facts show that petitioner sold an automobile to Tom’s Auto Sales, which transaction was handled by and through Capital Auto Auction, Inc., as a regular part of its business. Tom’s Auto Sales gave petitioner a draft for $1,321.00, representing the purchase price of the said automobile, which draft was stamped by defendant with the following language: “This instrument guaranteed by Capital Auto Auction, Inc. under the terms of its policy through Auction Insurance Agency, Birmingham, Alabama.” The draft was then given to petitioner. While the automobile was being driven from Baton Rouge to New Iberia, it was involved in an accident, and, upon its arrival in New Iberia, Tom’s Auto Sales refused to accept the automobile because of the damages sustained and stopped the payment of its draft. The automobile was, therefore, returned to the lot of petitioner in Lafayette and was subsequently sold for the price of $875.00. This suit is for the deficiency between the $1,321.00, being the price of the first sale and the sum of $875.00, being the price of the second sale, or for the sum of $446.00, plus certain expenses making a total demand by petitioner of $524.47
The Lower Court, 174 So.2d 278, first granted a summary judgment in favor of the defendant and against the plaintiff. The plaintiff took an appeal unto this Court, and we reversed the judgment of the Lower Court and remanded the matter for further proceedings. Answer was then filed by the defendant, and after trial on the merits, the Lower Court granted a judgment in favor of defendant and against petitioner dismissing the petitioner’s demand. The petitioner has now taken a devolutive appeal to this Court.
The basis of this suit against Capital Auto Auction, Inc., is a guarantee which was stamped on the rear of the draft issued by Tom’s Auto Sales, by Capital Auto Auction, Inc., and which guarantee provides as follows:
“This instrument guaranteed by Capital Auto Auction, Inc. under the terms of its policy through Auction Insurance Agency, Birmingham, Alabama.”
The policy of insurance, which is filed as evidence in this proceeding, is entitled “Automobile Dealer’s Title and Fraudulent Instrument Coverage.” The pertinent part of the insurance agreement provides as follows :
“We the company hereby agree to indemnify the insured against pecuniary loss sustained owing to acceptance or encashment of forged, fraudulent or altered checks, drafts or instruments from purchasers of Motor Vehicles made payable to the Assured, or checks, drafts, or instruments given by the purchasing or selling dealer authorized to transact business by the Assured, issued, endorsed or guaranteed by the Assured. No loss shall be payable on any forged, fraudulent, or altered checks, drafts or instruments where any person or firm other than the purchaser or duly authorized representative of the purchaser, has signed the check, draft or instrument. Coverage is also extended to checks, drafts, or instruments given on insufficient funds where there is no intent to defraud.”
At the time of the sale of the automobile, a representative of Tom’s Auto Sales handed the draft of $1,321.00 to a representative of the Capital Auto Auction, Inc. The reverse of the draft was stamped, as aforesaid, *203 and handed to a representative of petitioner. Subsequently, upon disclosing that the vehicle was damaged and had been in an accident prior to the time of delivery to Tom’s Auto Sales in New Iberia, Tom’s Auto Sales stopped payment on the draft. Tom’s Auto Sales also refused delivery of the damaged automobile, and same was returned to petitioners, and subsequently sold.
The Lower Court held that the endorsement of the defendant on the reverse of the draft was conditional and was operative only in the event that the policy referred to in the endorsement covered a situation as found from the facts in this case. It held that the endorsement did not cover the facts of this particular case and, therefore, there was judgment rendered in favor of defendant and dismissing petitioner’s suit. We are inclined to agree with the judgment of the Lower Court.
The policy which is filed in the record of this proceeding is one pertaining to Automobile Dealer’s Title and Fraudulent Instrument Coverage. The pertinent portion of the insuring agreement, which is set forth above, relates to the indemijification of the insured against loss sustained only from forged, fraudulent or altered instruments. It is a conditional guarantee or a conditional endorsement, and is controlled by the provisions of R.S. 7:39, which provides :
“Where an endorsement is conditional a party required to pay the instrument may disregard the condition, and make payment to the endorsee or his transferee, whether the condition has been fulfilled or not. But any person to whom an instrument so endorsed is negotiated, will hold the same, or the proceeds thereof, subject to the rights of the person endorsing conditionally.”
The endorsement by defendant was not an unconditional guarantee that payment would be made. It did, however, provide that the instrument was guaranteed under the terms of the insurance policy. This policy clearly limits protection to “forged, fraudulent or altered checks, drafts or instruments from purchasers”. It also provides coverage for “checks, drafts, or instruments given on insufficient funds where there is no intent to defraud”. We do not believe that the provisions of the policy can be extended to make the defendant bear the burden of a loss that was caused by an accident that took place after the sale. This is not a collision policy. The policy afforded no protection to the defendant under the facts of this case, and, therefore, the petitioner is without right to recover from defendant under the guarantee based upon the insurance coverage.
We find no error in the decision of the Lower Court, and, for the reasons herein-above assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.